IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00636-BNB

RICHARD HERNANDEZ,

    Applicant,

v.

DENVER SHERIFF CHIEF GREGG WILSON,
WALT PESTERFIELD [sic], Director of the Colorado Division of Parole, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Richard Hernandez, alleges he currently is incarcerated at the Denver City Jail. He initiated this action by filing *pro se* on February 27, 2014, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging his parole hold. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On March 3, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action. Magistrate Judge Boland also directed Respondents to advise the Court who the proper Respondents are and move for substitution of party if Respondents are not the appropriate parties to respond to Applicant's claims challenging his parole hold.

    On April 1, 2014, Respondents, Walt Presterfield, director of the Colorado

Division of Parole, and the Colorado Attorney General, filed a preliminary response (ECF No. 12).  On April 1, 2014, Mr. Hernandez filed a reply (ECF No. 13) to the preliminary response.  On April 8, 2014, he filed an expanded reply (ECF No. 16).

The Court must construe liberally the filings of Mr. Hernandez because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the habeas corpus application, and dismiss the action.

In the habeas corpus application, Mr. Hernandez alleges that he is an offender on parole from the Colorado Department of Corrections (DOC).  ECF No. 1 at 10.  On December 28, 2013, he was arrested and charged in Denver County Court with the new crime of driving under the influence.  See ECF No. 12 at 2, ex. A (Denver County Court case search for Case No. 13M11982).  On January 7, 2014, a parole complaint was filed against Mr. Hernandez alleging that he had violated the terms and conditions of his parole by committing the offense of driving under the influence.  See ECF No. 12 at 2, ex. B (parole complaint).  He currently is detained in the Denver City Jail under a cash bond and, pursuant to the direction of the DOC parole division, on a parole hold awaiting sentencing on new criminal charges.  See ECF No. 12 at 2.  On January 24, 2014, the parole board continued the matter until April 11, 2014.  See ECF No. 12 at 2, ex. C (parole board mittimus).

Mr. Hernandez alleges that the parole hold should be lifted so that he can pay the bond on the traffic offenses.  ECF No. 1 at 5.  He claims the parole hold violates his constitutional rights.  *Id.*

Judicial review of the execution of a sentence is governed by 28 U.S.C. § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A federal court may only grant habeas relief when a state prisoner is "in custody in violation of the constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts do not possess supervisory authority over state judicial proceedings; they may only intervene to correct violations of federal law. *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Review of § 2241 habeas actions is governed by 28 U.S.C. § 2243, which vests the Court with the authority to decide the case as a matter of law. *See* 28 U.S.C. § 2243; *Watts v. Hadden*, 489 F. Supp. 987, 989 (D. Colo. 1980), *aff'd*, 651 F.2d 1354 (10th Cir. 1981).

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

> We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (internal citation and quotation marks omitted). "The exhaustion requirement is not one to be overlooked lightly. Principles of

comity and federalism demand that the requirement be strictly enforced." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (citations and internal quotation marks omitted).

Mr. Hernandez is required to exhaust state remedies before he may raise his claims in federal court. *See Montez*, 208 F.3d at 866. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A state prisoner bringing a federal habeas corpus bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Hernandez does not allege that he has attempted to exhaust state-court remedies as to his claims. Although he lists various verbal and written non-court attempts he made to have the parole hold lifted, *see* ECF No. 1 at 3, he demonstrates that he has failed to present his claims, in any form, to the state's highest courts. His reference in the expanded reply to *People v. Hernandez*, Adams County District Court No. 81CR0037, ECF No. 16 at 4, supports Respondents argument that he has failed to file any state challenge to parole hold in his criminal case. *See* ECF No. 12 at 4, ex. D (state court register of actions in No. 81CR0037) at 3. Nothing has been filed in No.

81CR0037 since the appellate record was returned from the Colorado Court of Appeals on March 6, 2007 (ECF No. 12, ex. D at 3), years before Applicant was arrested on December 28, 2013, on the charge of driving under the influence and the parole complaint filed against him on January 7, 2014, for violating the terms and conditions of his parole.

Therefore, Mr. Hernandez has not adequately presented his claims to the state courts.  Mr. Hernandez's federal habeas challenge must be dismissed for failure to exhaust state remedies.  "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  The application must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hernandez files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of      July        , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court